Filed 5/3/24

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re RANDY C., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>RANDY C.,<br><br>      Defendant and Appellant. | A167331<br><br>(Marin County<br>Super. Ct. No. JV27345A) |

This is an appeal from a juvenile court order denying the motion of defendant Randy C. (minor) to suppress evidence pursuant to Welfare and Institutions Code section 700.1 (motion to suppress). Following this ruling, minor admitted multiple felony offenses and the juvenile court issued an order declaring wardship over him. Minor asks this court to reverse the denial of his motion to suppress, vacate his admissions, and vacate the wardship order on the grounds that the search and seizure conducted by police were unlawful. We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

On November 15, 2022, a wardship petition was filed pursuant to Welfare and Institutions Code section 602, subdivision (a), alleging that minor committed the following offenses: possession of an assault weapon by a minor (Pen. Code, § 30605, subd. (a); count one); possession of a concealed

1

firearm and ammunition in a vehicle by a minor (Pen. Code, § 25400, subds. (a)(1), (c)(6); count two); carrying a loaded firearm, nonregistered owner (Pen. Code, § 25850, subd. (a); count three); possession of a firearm by a minor (Pen. Code, § 29610; count four); possession of ammunition by a minor (Pen. Code, § 29650; count five); and resisting an officer (Pen. Code, § 148, subd. (a)(1); count six).

On November 29, 2022, minor moved to suppress evidence, arguing there was no probable cause to search the vehicle he was driving. Following a contested hearing, the juvenile court denied his motion.

On December 6, 2022, minor admitted the felony offenses charged in counts one, two, and six, and the remaining counts were dismissed pursuant to a negotiated plea deal.

On January 3, 2023, a dispositional hearing was held. The juvenile court declared wardship and committed minor to juvenile hall for 274 days with 55 days of credit for time served. This timely appeal followed.

## DISCUSSION

Defendant seeks reversal of the order denying his motion to suppress, vacation of his admissions to the allegations against him, and vacation of the wardship petition. Defendant reasons the police search of his vehicle was not justified since the marijuana that was discovered was in the exclusive possession of the adult passenger, there was no substantial evidence that the marijuana was of an illegal amount or in an open container, and the odor of marijuana without evidence of illegal activity does not furnish probable cause to search a vehicle for additional marijuana.

## I.  *Legal Framework.*

The Fourth Amendment of the United States Constitution protects against unreasonable searches and seizures. (U.S. Const., 4th Amend.) To

2

that end, an officer generally must secure a warrant before conducting a search of private property. "Warrantless searches 'are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions.' (*Katz v. United States* (1967) 389 U.S. 347, 357 [19 L.Ed.2d 576, 88 S.Ct. 507], fns. omitted; [citation].)" (*People v. Lopez* (2019) 8 Cal.5th 353, 359.) The prosecution bears the burden of proving the applicability of an exception. (*People v. Castro* (2022) 86 Cal.App.5th 314, 319 (*Castro*).)

"One such exception to the warrant requirement is the automobile exception, under which an officer may search a vehicle without a warrant so long as the officer has probable cause to believe the vehicle contains contraband or evidence of a crime. [Citation.] 'Probable cause is a more demanding standard than mere reasonable suspicion.' [Citation.] Probable cause exists when 'the known facts and circumstances are sufficient to warrant a [person] of reasonable prudence in the belief that contraband or evidence of a crime will be found.' " (*People v. Hall* (2020) 57 Cal.App.5th 946, 951 (*Hall*).) "[W]here probable cause to search a vehicle under the automobile exception exists, ' "a law enforcement officer may search the vehicle 'irrespective of whether [the offense] is an infraction and not an arrestable offense.' " ' " (*Castro, supra*, 86 Cal.App.5th at p. 321.) Moreover, "[w]here the court finds that officers have probable cause to search, the officer's subjective intent in performing the search is irrelevant." (*People v. McGee* (2020) 53 Cal.App.5th 796, 805, fn. 3 (*McGee*).)

" 'In reviewing a trial court's ruling on a motion to suppress evidence, we defer to that court's factual findings, express or implied, if they are supported by substantial evidence. [Citation.] We exercise our independent judgment in determining whether, on the facts presented, the search or

3

seizure was reasonable under the Fourth Amendment.' " (*People v. Silveria and Travis* (2020) 10 Cal.5th 195, 232.)  As such, we affirm so long as the ruling is correct no matter the lower court's reasoning.  (*People v. Session* (2023) 93 Cal.App.5th 723, 730–731.)

## II.  *Factual Record.*

The relevant factual record comes from the testimony of San Pablo Police Officer Dugonjic at the hearing on minor's motion to suppress.  Officer Dugonjic was an 11-year veteran of the department, with training and experience in marijuana identification, marijuana consumption, and the legality of tinted windows.

Around 11:00 p.m. on November 10, 2022, Officer Dugonjic conducted a traffic stop on a black BMW with tinted windows that appeared to be in violation of Vehicle Code section 26708, subdivision (a).  Officer Dugonjic contacted minor, the driver of the BMW, who stated that he was 17 years old, the car belonged to his girlfriend, and he did not have a driver's license.  Officer Dugonjic noticed the smell of unburnt marijuana coming from inside the vehicle.  He asked minor for identification, but minor was unable to produce a government-issued identification card.

Officer Dugonjic observed a passenger in the BMW who appeared to have a "marijuana blunt"[1] on his lap.  The marijuana appeared to be a usable amount and was not in a closed container.  Minor denied smoking any of the marijuana and offered to take a test, but there is no evidence that one was conducted.  Officer Dugonjic acknowledged the marijuana blunt was not

---

[1] Officer Dugonjic knew from his training and experience that marijuana is often smoked in paper taken from tobacco products.  The tobacco is then removed from the product and replaced with marijuana.  According to Officer Dugonjic, if the amount of marijuana is enough to be manipulated, it is useable.

4

burned or smoked. A photograph of the blunt, showing "a little bit of green at [its] tip," was admitted into evidence after Officer Dugonjic testified that it fairly and accurately depicted his observation of the blunt in the vehicle.

Another officer at the scene talked to the BMW's passenger and determined he was 22 years old and in possession of the blunt.

Officer Dugonjic conducted a patdown of minor outside the BMW and found no contraband or identification. He also "ran" minor's name and did not find a match. According to the police report, Officer Dugonjic searched the car's front passenger compartment to try to find identification for minor or the passenger.[2] In doing so, Officer Dugonjic found a handgun in the glove compartment and an airsoft rifle which was visible behind the driver's seat.

When Officer Dugonjic went to handcuff minor, minor attempted to flee on foot but was apprehended. Officer Dugonjic then searched the entire vehicle, including the trunk, where he found an AR-15 firearm with no serial number.

After this testimony, the juvenile court found that the total elapsed time from the traffic stop to when Officer Dugonjic asked minor to exit the car was several minutes, and from when minor exited the car to when Officer Dugonjic found the gun in the glove compartment was about two minutes. Further, the court found based on Officer Dugonjic's credible testimony that he had reasonable suspicion to effectuate a traffic stop based on his belief that the BMW's tinted windows were in violation of the law. Officer Dugonjic also had probable cause to then search the BMW's passenger compartment based on the unburnt marijuana smell emanating from the BMW and his

---

[2] On cross-examination, Officer Dugonjic clarified that trying to find identification was one of the reasons why he searched the vehicle. Another reason was the visible marijuana blunt on the passenger's lap, which he could smell from outside the vehicle.

observation of an "open-ended blunt" in the passenger's lap that appeared to be a usable amount in an open container in violation of Health and Safety Code section 11362.3, subdivision (a)(4).[3]

## III. *Analysis.*

Minor does not challenge the juvenile court's finding that he was legally stopped for driving a car with illegally tinted windows. Rather, minor challenges the court's finding that the marijuana blunt on his passenger's lap was an "open container" within the meaning of section 11362.3, subdivision (a)(4), which provided probable cause for Officer Dugonjic to search the BMW's passenger compartment. His challenge fails.

To begin, the law is settled that the lawful possession of marijuana in a vehicle does not provide probable cause to search the vehicle. (E.g., *People v. Lee* (2019) 40 Cal.App.5th 853, 865–867; *Hall, supra*, 57 Cal.App.5th at p. 948.) The question raised here, however, is whether the *unlawful* possession of marijuana provided probable cause to search the BMW driven by minor.

Section 11362.3, subdivision (a)(4) clearly states that no one is permitted to "[p]ossess an open container or open package of cannabis or cannabis products while driving, operating, or riding in the passenger seat or compartment of a motor vehicle . . . ." (§ 11362.3, subd. (a)(4).) In addition, section 11357 makes it unlawful for a person under 21 years of age, such as minor, to possess any amount of recreational marijuana. (§ 11357.)

As recently explained by our appellate colleagues in the Second Appellate District, "section 11362.1, added by Proposition 64, ' "fundamentally changed the probable cause determination by specifying

---

[3] Unless otherwise stated, all statutory citations herein are to the Health and Safety Code.

*lawfully possessed cannabis* is 'not contraband' and *lawful conduct* under the statute may not 'constitute the basis for detention, search or arrest.' [Citations.]" [Citation.]  But this applies only to activities "deemed lawful" by Proposition 64.' " (*Castro, supra*, 86 Cal.App.5th at pp. 320–321.)  In *Castro*, it was unlawful for the defendant, a minor, and his minor passengers to "possess any amount of recreational marijuana due to their age." (*Id*. at p. 321.)  The officer thus had probable cause to search the defendant/minor's car for "contraband or evidence of a crime (e.g., marijuana)" based on the smell of marijuana coming from inside the car and defendant's admission he had smoked marijuana.  (*Id*. at pp. 320–321.)

Similarly, in *McGee, supra*, 53 Cal.App.5th at page 804, the officer had probable cause to search the passenger's purse, "as a 'compartment[] [or] container[] within the vehicle whose contents [were] not in plain view,' " after witnessing the passenger in possession of an unsealed container of marijuana in violation of section 11362.3, subdivision (a)(4).  According to the court, "[t]he presence of this contraband provided probable cause to believe the passenger possessed other open containers," thereby justifying the officer's search under the automobile exception.  (*McGee*, at p. 804.)

Following this authority, we conclude Officer Dugonjic had probable cause to search the BMW that minor was driving based on the officer's observation of the unburned marijuana blunt—a usable amount of marijuana in an open container in violation of section 11362.3, subdivision (a)(4)—in his passenger's possession.  This open container of marijuana was contraband that, along with the smell of unburnt marijuana emanating from the vehicle, provided probable cause to believe minor or his passenger may also have possessed additional marijuana in violation of section 11357 and/or section

7

11362.3, subdivision (a)(4).  (*McGee, supra*, 53 Cal.App.5th at p. 804; *Castro, supra*, 86 Cal.App.5th at pp. 320–321.)

Minor is mistaken that a marijuana blunt, wrapped in paper but for a "speck of marijuana" on the flattened end, was not an "open container" of marijuana within the meaning of section 11362.3.  "Section 11362.3 does not define the phrase 'open container or open package.'  In the absence of a specifically defined meaning, we look to the plain meaning of a word or phrase as understood by the ordinary person, which would typically be a dictionary definition."  (*People v. Johnson* (2020) 50 Cal.App.5th 620, 632–633.)  The plain and commonsense meaning of an "open container" is one in which there is no barrier to accessing the marijuana contained inside.  (*Id.* at p. 633 [concluding a knotted plastic baggie is not "open" because the knot "presents a barrier to accessing the content"].)  In this case, the paper wrapping enclosing the marijuana presented no barrier to accessing the marijuana.  On the contrary, as Officer Dugonjic explained, paper wrapping holds the marijuana so that it can be smoked, thereby facilitating its consumption.  (Cf. *Hall, supra*, 57 Cal.App.5th at pp. 958–959 [officer lacked probable cause to search vehicle where there was no evidence the plastic bag containing marijuana in the center console was open and not sealed or that the loose marijuana on the driver's lap was a usable amount].)

Accordingly, the juvenile court order stands.

## DISPOSITION

The denial of minor's motion to suppress is affirmed.

Jackson, P. J.

WE CONCUR:

Burns, J.
Chou, J.                                                         A167331/*People v. Randy C.*

8

<u>A167331/People v. Randy C.</u>

Trial Court:        Superior Court of the County of Marin

Trial Judge:       Beverly Wood

Counsel:          Laura Vavakin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters and Susan Sullivan Pithey, Assistant Attorneys General, Steven D. Matthews and Analee J. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.